BUCKWALTER v. PRATT (two cases).

(Court of Appeals of District of Columbia. Submitted November 18, 1925. Decided January 4, 1926.)

Nos. 1790, 1791.

Patents ⬅91(3)—Evidence held not to entitle junior party in interference proceeding to award of priority.

Evidence as to date of junior party's conception of invention and actual reduction to practice, the latter at a date subsequent to senior party's application, *held* not to entitle him to award of priority.

Appeals from the Commissioner of Patents.

Two interference proceedings between Herbert E. Pratt, senior party, and Tracy V. Buckwalter, junior party. From a decision of the Commissioner of Patents, awarding priority to the senior party, the junior party appeals. Affirmed.

H. A. Dodge, of Washington, D. C., and J. G. Denny, Jr., of Philadelphia, Pa., for appellant.

J. B. Macauley, of Chicago, Ill., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

MARTIN, Chief Justice. These appeals have been taken by Buckwalter, the junior party, from decisions of the Commissioner of Patents in two interference proceedings, awarding priority of invention to Pratt, the senior party. The appellant comes to this court with three concurring decisions of the Patent Office against him.

The issues of the respective interferences are as follows:

"A self-adjusting roller bearing, comprising inner and outer race rings, one of which is formed with a spherical curved race and the other with a co-operating race, and rollers having axially convex surfaces and whose greatest diameter lies nearer to one end of the roller than the other end."

"In a bearing of the class described, an outer bearing member having a spherical inner surface, an inner bearing member having an outer bearing surface, which is concave longitudinally and of greater diameter at one end than the other, rolls between the bearing surfaces of greater diameter at one end than at the other, and a frustro-conical roll retainer engaging said rolls."

Pratt's applications were filed on October 27, 1918. He took no testimony in the proceedings, but relied upon his filing date for a constructive reduction to practice.

Buckwalter's applications were filed on July 11, 1919. He alleged conception prior to May 22, 1917, and an actual reduction to practice on June 15, 1919, which date is later than Pratt's filing date. In his preliminary statement Buckwalter alleged no definite date of reduction to practice prior to June 15, 1919; nevertheless he urges that his conception in 1917 was followed in that year by a drawing, which, owing to the simple character of the invention, should be regarded and considered as a reduction to practice. This contention was overruled below, and upon the present record we agree with that ruling.

Buckwalter introduced evidence with reference to his diligence or excuse for want thereof, from a time prior to Pratt's entry into the field and extending up to the date of his own reduction to practice. Upon this subject the Examiners in Chief found as follows:

"There is no evidence of diligence whatever, but it is contended that Buckwalter and the Timken Roller Bearing Company, of which he was chief engineer, were so busily engaged in war work that he could not spare time to develop this bearing. Without going further into the matter, we adopt the analysis of the Examiner of Interferences, and agree with his conclusion that there was no controlling obstacle to the reduction to practice or the filing of an application and that Buckwalter was not diligent. Buckwalter also attempts to raise the question of non-patentability of the issue but this question is not appealable under rule 130."

Upon a review of the evidence, we are satisfied that these conclusions are correct (see, also, Lecroix v. Tyberg, 33 App. D. C. 586), and that the decision of the Commissioner of Patents, awarding priority to Pratt, should be and it is affirmed.